# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE D. BROWN,<br>CDCR # K-89434,<br><br>                  Plaintiff,<br><br>vs.<br><br>SAN BERNARDINO COUNTY<br>SHERIFF'S DEP'T, et al.,<br><br>                  Defendants. | Civil No.   07-2124 JM (PCL)<br><br>**ORDER TRANSFERRING CIVIL ACTION FOR LACK OF PROPER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION, PURSUANT TO 28 U.S.C. § 84(c)(1), 28 U.S.C. § 1391(b) AND 28 U.S.C. § 1406(a)** |

    Ronnie Brown ("Plaintiff"), currently incarcerated at the California Institution for Men in Chino, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims that constitutional rights were violated when he was arrested and convicted in San Bernardino County. (Compl. at 5.) Plaintiff seeks general and punitive damages, as well as injunctive relief "requiring appointment of private counsel." (*Id.* at 6.)

    In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(a).

///

**I.    LACK OF PROPER VENUE**

Upon initial review of the Complaint, the Court finds that Plaintiff's case lacks proper venue. Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, Plaintiff is currently incarcerated at the California Institution for Men, but alleges constitutional violations based on events which are alleged to have occurred in San Bernardino County. (*See* Compl. at 1-5.) Moreover, all Defendants are alleged to reside in San Bernardino County; none are alleged to reside in the Southern District, which is comprised only of San Diego or Imperial Counties. (*Id.*) *See also* 28 U.S.C. § 84(c) ("The Central District [of California] comprises 3 divisions. (1) The Eastern Division comprises the counties of Riverside and San Bernardino."); 28 U.S.C. 84(d) ("The Southern District [of California] comprises the counties of Imperial and San Diego.").

Therefore, venue is proper in the Central District of California, Eastern Division, pursuant to 28 U.S.C. § 84(c)(1), but not in the Southern District of California. *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

///

///

## II.  CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that the Clerk of the Court shall transfer this case for lack of proper venue, in the interests of justice and for the convenience of all parties, to the docket of the United States District Court for the Central District of California, Eastern Division, pursuant to 28 U.S.C. § 84(c)(1), 28 U.S.C. § 1391(b) and 28 U.S.C. § 1406(a).[1]

DATED:  November 15, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

---

[1] Because the Court finds transfer appropriate, it defers ruling on the Motion to Proceed IFP to the Central District and expresses no opinion as to whether Plaintiff's Complaint alleges facts sufficient to survive the mandatory sua sponte screening provisions of 28 U.S.C. §§ 1915(e)(2) & 1915A.